POIROT *vs.* VESSER.—VESSER *vs.* POIROT.

APPEAL from the court of the parish and city of New Orleans.

A vacant estate cannot be sued except in a court of probates.

MARTIN, J. delivered the opinion of the court. Judgment by default having been taken in the second suit against Poirot, he commenced the present to procure the annulling, setting aside and radiation of a mortgage, resulting from the record of the judgment, on the ground that the mortgage had "for a long time since become null and void, and was satisfied by law."

Vesser being not found.

Hennen, Verser's attorney, in the first suit, voluntarily came in, suggested his client's death, and prayed the dismissal of the petition.

On the plaintiff's motion, Hennen was appointed curator of the absent heirs.

The plaintiff now filed a new petition

against the curator, and prayed that the execution of a writ of *fieri facias*, issued on Verser's judgment, might be enjoined.

On Hennen's motion, all proceedings were set aside, and the plaintiff appealed.

The court correctly decided, that Vesser being dead, his vacant estate could be administered under the direction of the court of probates, and the parish court was without jurisdiction to proceed against it.

Error has been assigned, in the parish court not requiring proof of Vesser's death. It appears it was admitted by the plaintiff, who had a curator appointed to his heirs.

By dismissing all proceedings, and among these the *fi. fa.* the plaintiff had the benefit he expected from the injunction. He was properly charged with his own costs. None now could be given against a vacant estate, not duly represented. As there is no appeal in favor of the estate, we have not noticed the costs against it.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.